IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3001 |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY L. BALDWIN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before me for initial review[1] of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") filed by the defendant, Terry L. Baldwin (Baldwin). He makes eight claims. Summarized and condensed, Baldwin asserts that his counsel was ineffective in seven ways and he also claims that I abused my discretion by allowing him to plead guilty.

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The motion will be denied. It plainly appears from the record[2] of the prior proceeding that Baldwin is not entitled to relief.

## *I. BACKGROUND*

Baldwin was charged in a superseding indictment with three counts of producing child pornography by inducing minors to engage in sexually explicit conduct, one count of possession of child pornography and one forfeiture count. (Filing 14.) Each production count exposed Baldwin to a minimum of 15 years in prison and a maximum of 30 years in prison. (Filing 16.) The possession charge exposed Baldwin to a maximum of 10 years in prison. (Filing 16 at CM/ECF p. 2.)

During the course of the federal case, and upon the advice of a state public defender who had no involvement in this case, Baldwin admitted that he had sexually assaulted at least one of the minors in the course of producing the child pornography. (Filing 74 at CM/ECF p. 18 & ¶ 90.) The state court judge sentenced Baldwin to 25 years (300 months) in prison. (Filing 74 at CM/ECF p. 18 & ¶ 90.)

The evidence against Baldwin was overwhelming. (Filing 74 at CM/ECF pp. 7-11 & ¶¶ 16-29.) For example, the government had the assistance of a person who had been arrested for possession of child pornography and that person helped investigators gain access to child pornography and other images that had been shared with the cooperating individual and produced by the defendant. (Filing 74 at CM/ECF pp. 7-8 & ¶¶ 16-17.) From that data, the government was able to identify the names and locations of some of the minor victims. (Filing 74 at CM/ECF p. 8 & ¶¶ 18-20.) One of the children was then contacted by law enforcement and the child

---

[2]I purposely give only the briefest summary of the crime facts. For the deeply disturbing details, the presentence report (PSR) should be consulted. (Filing 74.)

identified the defendant as the producer (and victimizer). (Filing 74 at CM/ECF pp. 8-9 & ¶¶ 20-22.)

Baldwin is a chronic complainer. (See, for example, filings 40, 44, 47, 48, & 60 at CM/ECF pp. 1-37.)) In particular, Baldwin constantly complained about his lawyers.[3] At the beginning of the case an experienced and zealous lawyer was appointed from the Federal Public Defender's office (Mr. Vanderslice), but that lawyer was later given leave to withdraw after Baldwin filed an ethics complaint against him. (Filings 31 & 32.) Then another very experienced and zealous lawyer (Mr. Monzon) was appointed. (Filing 32 & text entry dated October 24, 2007.) After that, a very experienced and equally zealous "standby lawyer" (Mr. Creager) was appointed to advise Baldwin about the advice the second lawyer had given Baldwin. (Filing 66.)

The government offered Baldwin a favorable plea agreement in order to spare the minor victims from having to testify about their degradation at the hands of Baldwin. (Filing 74 at CM/ECF p. 11 & ¶ 29.) Baldwin sensibly accepted and then signed the plea agreement. (Filing 54 at CM/ECF p. 6.) In particular, under the provisions of Rule 11(c)(1)(C), the plea agreement required me to impose a sentence of 300 months and the government obligated itself to recommend that I run the federal sentence concurrently with the state sentence. (Filing 54 at CM/ECF pp. 3-4 & ¶ 6a.)

Before I accepted the plea agreement, but after Baldwin had first tendered his guilty plea, and in a 37-page pro se motion, Baldwin alleged that his counsel had been ineffective for wide variety of reasons. (Filing 60.) That screed claimed, among other things, that counsel was ineffective for failing to file pretrial motions, that

---

[3]Baldwin also complained about his state public defender. (Filing 60 at CM/ECF pp. 6-12.)

counsel was ineffective for failing to challenge a search warrant and statements made by his victims, that counsel was ineffective for pressuring him to enter a guilty plea and that counsel was ineffective for failing to seek dismissal because of the Speedy Trial Act. In the process of making these attacks, Baldwin nevertheless admitted his guilt. He said, "A crime was committed by me and I take full responsibility for that" and "I am truely [sic] sorry for all of the pain and embarrassment I have caused to [the victims.]" (Filing 60 at CM/ECF pp. 24-25.)

After several long hearings, and considering the advice of his second lawyer together with the advice of his "standby counsel," Baldwin ultimately decided that he did not desire to withdraw his guilty plea and that he wanted to plead guilty. (Filing 103 (transcript); filing 108 (transcript).) He admitted that he was guilty of one count of producing and one count of possessing child pornography.[4] In addition to the lengthy oral examinations I made of Baldwin to assure that Baldwin's plea was knowing, intelligent and voluntary and that there was a factual basis for his plea (filings 103 & 108), Baldwin completed and provided me with a lengthy written petition to enter a plea of guilty that confirmed those things. (Filing 53.)

Because of the horrid nature of Baldwin's crimes, the custodial range under the Guidelines was 360 months to life. (Filing 74 at CM/ECF p. 21 & ¶ 116.) However, because the child pornography production statute authorized a maximum sentence of 30 years (360 months), the Guideline imprisonment range became a flat 360 months. (Filing 74 at CM/ECF p. 21 & ¶ 117.) Under the Guidelines, I had the discretion to run the federal sentence consecutive to or concurrent with the state sentence. (Filing 74 at CM/ECF p. 21 & ¶ 118.)

I sentenced Baldwin as called for under the plea agreement. In particular, I imposed a 300-month prison term to run concurrently with the state sentence. (Filing

---

[4]He also admitted the forfeiture count.

76.) Because this sentence was five years less than the sentence called for under the Guidelines, I was required to explain my reasons for imposing a lower sentence. In my Statement of Reasons, I explained that I had imposed the sentence because it "spared the victims from testifying." (Filing 77 at CM/ECF p. 2 & ¶ V.)

Given Baldwin's claims, several additional factual observations are in order. First, Baldwin's plea agreement contained a very broad waiver regarding his right to appeal and regarding his right to attack his conviction or sentence under section 2255. It stated:

> 13. The Defendant hereby knowingly and expressly waives any and all rights to appeal the Defendant's conviction in this case, including a waiver of all motions, defenses, and objections which the Defendant could assert to the charges or to the Court's entry of Judgment against the Defendant, including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.
>
> The Defendant further knowingly and expressly waives any and all rights to contest the Defendant's conviction in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:
>
> (a) The right to timely challenge the Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the Defendant is agreeing to plead guilty fails to state a crime.
>
> (b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, *if the grounds for such claim could not be known by the Defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.*

(Filing 54 at CM/ECF pp. 5-6.) (Emphasis added.)

  Second, and among many other things, I closely questioned Baldwin regarding the fact that his plea would likely waive claims against his lawyers that were known to Baldwin at the time he entered his plea.  That colloquy follows:

  THE COURT:   All right.  So to be clear are you telling me you want to stand on your plea of guilty, that is to say, you admit that you're guilty and that you want the benefits and the burdens of the plea agreement that you've entered into?

  THE DEFENDANT:   Yes.

  THE COURT:   Do you have any questions you want to ask me in that regard?

  THE DEFENDANT:   No.

  THE COURT:  Now, to be clear, Mr. Baldwin, if we proceed today, in my opinion you are waiving any of the complaints that you set forth in the very long letter that appears here as filing 60.  I would doubt that any other court, any other judge, would hear you in a subsequent action about complaints that you have against Monzon or anybody else that you now knew about if you proceed today.  Do you have any questions you want to ask me about that?

  THE DEFENDANT:  No.  I'm -- I was told that everything in the letter didn't really matter, so there's nothing else I can do.  I'll go ahead and take the guilty plea.

  THE COURT: Well, what I want you to understand is -- I don't want you to tell me what Mr. Creager told you because I suspect his advice to you was somewhat more refined than what you've told me --

  THE DEFENDANT:   He explained the plea agreement and everything to me.

  THE COURT: Okay. But what I want you to understand clearly is this: You may be waiving any complaints that you -- you have against Monzon or anybody else that you now know about if you proceed today. Do you understand that?

  THE DEFENDANT: Yes.

  THE COURT: Now, waive means to give up. Do you understand that?

  THE DEFENDANT: Yes.

  THE COURT: Do you have any questions you want to ask me about in that regard?

  THE DEFENDANT: No.

(Filing 108 at CM/ECF pp. 19-21.)

  Despite the foregoing, Baldwin appealed. The Court of Appeals denied the appeal. Among other things, the Court concluded that Baldwin's numerous claims on appeal–challenging his sentence, challenging the factual basis for his conviction, asserting that he had been denied effective assistance of counsel, and asserting that his guilty plea was not voluntary–"fall within the scope of the appeal waiver contained in Baldwin's plea agreement, that Baldwin knowingly and voluntarily entered into the plea agreement and the appeal waiver, and that enforcement of the waiver would not result in a miscarriage of justice." *United States v. Baldwin*, No. 08-2495, 2009 WL 4723264 (8th Cir., December 11, 2009).[5]

  Baldwin filed his 2255 motion on February 22, 2010. (Filing 128.) It asserted that his counsel was ineffective for seven reasons. That is, counsel was ineffective because counsel failed to challenge the validity of a search warrant, because counsel

---

[5] The opinion appears in the court file as filing 123.

failed to object to the chain of custody for the evidence, because counsel failed to file pretrial motions, because counsel failed to object to the statements of the victims, because counsel failed to seek release on bond, because counsel failed to file a formal entry of appearance and because counsel coerced Baldwin into signing the plea agreement, and because counsel failed to challenge how I exercised my discretion during the sentencing. For good measure, Baldwin also alleged that I abused my discretion when I allowed him to plead guilty.

## *II. ANALYSIS*

Baldwin's claims are entirely lacking in merit. Indeed, they border on the frivolous.

First, at the time Baldwin finally requested that I accept his guilty plea, he was aware of and waived most of the complaints he now asserts against his lawyers and he did so with the advice of "standby counsel." *See*, *e.g.*, *Chesney v. United States*, 367 F.3d 1055, 1058-1059 (8th Cir. 2004) (the right to effective assistance of counsel arises from the Sixth Amendment and a criminal defendant may waive the rights guaranteed by the Sixth Amendment including the right to effective assistance of counsel). Second, the record plainly refutes any claim that counsel was ineffective and there is no showing of prejudice particularly given the overwhelming evidence against him and the fact that Baldwin filed his own motion freely admitting his guilt. *See, e.g., Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (in order to prevail on a claim that defense counsel rendered ineffective assistance of counsel, the claimant must establish two things and they are (1) that "'counsel's representation fell below an objective standard of reasonableness,'" and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'") (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Finally, on direct appeal, the Court of Appeals considered and rejected some of the claims that Baldwin asserts now and he is bound

by that decision as to those claims. *See*, *e.g.*, *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.")

IT IS ORDERED that the motion to Vacate Under 28 U.S.C. § 2255 (filing 128) is denied with prejudice. A separate judgment shall be issued.

DATED this 1st day of March, 2010.

                              BY THE COURT:

                              *Richard G. Kopf*
                              United States District Judge