IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:07CR3001 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| TERRY L. BALDWIN, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on defendant Terry L. Baldwin's motion for certificate of appealability (filing 135) regarding the court's judgment (filing 131) entered on March 1, 2010, which dismissed with prejudice Baldwin's motion (filing 128) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

    Before the defendant's appeal can proceed, a certificate of appealability must issue. *See* Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the merits in the course of denying a § 2255 motion, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to meet the standard contained in § 2253(c). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In contrast, when a district court denies a § 2255 motion on procedural grounds without reaching the applicant's underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

    The defendant argues that this court disposed of his § 2255 claims "simply by stating that [Baldwin had] waived these claims by the execution of his plea

agreement," and that such waivers are not absolute, citing *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000) (district court erred when it denied § 2255 motion without discussion, citing only to plea agreement waiver; "Dismissal of a section 2255 motion on the basis of a waiver in the plea agreement is inappropriate when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver.").

Contrary to Baldwin's characterization of the court's analysis of his § 2255 claims, the memorandum and order (filing 130) disposing of the defendant's claims described the relevant factual background; the three lawyers who represented the defendant; the plea agreement and proceedings; sentencing ranges; the opinion of the Eighth Circuit Court of Appeals on direct appeal; and the claims in the defendant's § 2255 motion.  The memorandum and order then discussed the court's conclusions that all of the defendant's claims lacked merit because:  (1) Baldwin waived the ineffective assistance of counsel claims that were known to him at the time he entered his plea; (2) Baldwin failed to show counsel's ineffectiveness or prejudice therefrom, "particularly given the overwhelming evidence against him and the fact that Baldwin filed his own motion freely admitting his guilt" (filing 130 at 8); and (3) several of Baldwin's claims had been raised and decided on direct appeal and could not be relitigated via a § 2255 motion—specifically, the Eighth Circuit Court of Appeals determined that Baldwin's claims regarding ineffective assistance of counsel and involuntariness of his guilty plea were "within the scope of the appeal waiver contained in Baldwin's plea agreement . . . Baldwin knowingly and voluntarily entered into the plea agreement and the appeal waiver, and . . . enforcement of the waiver would not result in a miscarriage of justice." *United States v. Baldwin*, No. 08-2495, 2009 WL 4723264 (8th Cir., Dec. 11, 2009).

Thus, this was not a case where the court denied a § 2255 motion with a simple citation to—and sole reliance upon—a plea agreement waiver, as in *DeRoo*. Accordingly, for the reasons set forth in the memorandum and order (filing 130) that was entered on March 1, 2010, denying the defendant's § 2255 motion on initial

review, the court concludes that the defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), and a certificate of appealability will not be issued.

The defendant was determined to be financially unable to obtain an adequate defense in this criminal case, and numerous attorneys were appointed to represent him. Because this appeal appears to be taken in good faith, even though a certificate of appealability will not be issued, the defendant may proceed in forma pauperis on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(3).

IT IS ORDERED that:

1. The defendant's motion for certificate of appealability (filing 135) is denied; a certificate of appealability will not issue in this case;

2. The defendant may proceed in forma pauperis on appeal; and

3. The Clerk of Court shall transmit a copy of this memorandum and order to the United States Court of Appeals for the Eighth Circuit.

DATED this 1st day of April, 2010.

BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge