IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3001 |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY L. BALDWIN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Terry L. Baldwin (Baldwin) has filed a second § 2255 without leave of the Court Appeals. To be specific, the Eighth Circuit has not certified the defendant's second and successive motion pursuant to 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b). Still further, Baldwin's second § 2255 motion is long past the statutory time limit of one year, 28 U.S.C. § 2255(f) and there is no reason to equitably toll the rule. Bluntly put, there is no basis for allowing Baldwin to have a second bite of the apple.

Baldwin's filed an unsuccessful direct appeal. The Court of Appeals denied the appeal on December 11, 2009, holding that the an appeal waiver foreclosed his claims for relief. (Filing no. 123.) The Court of Appeals made clear, however, that ineffective assistance of counsel claims are properly asserted in a § 2255 motion. Indeed, that is exactly what Baldwin's plea agreement allowed. (Filing no. 54 at pp. 5-6 and ¶ 13.)

Baldwin then filed his first § 2255 motion in February of 2010. (Filing no. 128.) In that first motion, he raised various ineffective assistance of counsel claims. I denied the motion. (Filing no. 130.) Baldwin appealed. I denied a certificate of appealability and so did the Court of Appeals. (Filing no. 135; filing no. 141.) More than four years later, Baldwin filed the motion now pending before me. (Filing no. 162; filing no. 165 (supplement).) That motion raises additional ineffective assistance of counsel claims plus several other claims. There are fourteen claims in all.

Baldwin asserts that because Attorney General Holder authorized the issuance of a Memorandum about appeal waivers in October of 2014 his second motion is not

successive because he could not have anticipated that action and further that his motion is not late for the same reason. (Filing no. 162 at p. 13 ¶ 18.)  The Memorandum upon which Baldwin relies may be found here (scroll to the bottom of page and then download a PDF styled: 14-1121, Office of the Attorney General, James M. Cole, Deputy Attorney General, *Department Policy on Waiver of Claim of Ineffective Assistance of Counsel* (Updated October 15, 2014).)  In pertinent part it states: "Federal prosecutors should no longer seek in plea agreement to have a defendant waive claims of ineffective assistance of counsel whether those claims are made on collateral attack or, when permitted by circuit law, made on direct appeal."

The one page Memorandum does not help Baldwin.  In the Eighth Circuit, claims of ineffective assistance of counsel like the ones raised by Baldwin are properly asserted in a § 2255 motion rather than on a direct appeal.  The plea agreement in this case specifically allowed Baldwin to raise such claims in a § 2255 motion.  Baldwin previously raised claims of ineffective assistance of counsel in his first § 2255 motion.  He has given no meritorious reason why he could not have brought all of these new (perhaps recycled) claims when he filed his first § 2255 motion.

In short, Baldwin has failed to get permission from the Court of Appeals to file this successive § 2255 motion, and, in any event, that motion is untimely. Accordingly,

IT IS ORDERED that Baldwin's Motion (Filing no. 162; filing no. 165 (supplement).) is denied and dismissed with prejudice. No certificate of appealability will be issued by the undersigned. A separate judgment will be entered.

May 8th, 2015.                                     BY THE COURT

                                                  s/Richard G. Kopf
                                                  Senior United States District Judge