IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>TERRY L. BALDWIN,<br><br>                Defendant. | 4:07-CR-3001<br><br>ORDER |

      The defendant has filed an unusual motion asking the Court to review its records for a transcript that does not exist, and that the defendant has been told does not exist. Filing 260. The motion will be denied.

      Specifically, the defendant previously asked the Court for a transcript of a "Status Conference and/or Ex Parte Proceeding that was held on January 9, 2008." Filing 258. On that date, the matter came before the Magistrate Judge for a change of plea, *see* filing 36, but instead the defendant asked to set the case for trial, *see* filing 41. The Magistrate Judge set the case for trial after a 9-minute hearing for which there is an audio file. *See* filing 42; filing 43; filing 45. But after that, there was an *ex parte* hearing on the defendant's request for appointment of new counsel. *See* filing 44. It's that hearing that the Court understands the defendant to be requesting a transcript of—but no transcript was prepared, no court reporter was present, and no audio file is available. *See* filing 44. Accordingly, the clerk's office informed the defendant that there is no transcript of the *ex parte* hearing nor any file from which a transcript can be prepared. Filing 259.

      The defendant, unsatisfied with that response, has now filed a motion asking "this Honorable Court" to review its records for the missing transcript of the *ex parte* hearing. But "this Honorable Court" has already done that: The records of criminal proceedings are kept by the clerk of the district court. Fed.

R. Crim. P. 55. If the clerk doesn't have a record, then the Court doesn't have a record. There is nothing more to review.

One caveat: Although the Court understands the defendant to have been asking for a transcript of the *ex parte* hearing, it's possible he wants a transcript prepared of the 9-minute "change of plea" hearing that ended in a trial setting. *See* filing 42; filing 43. If so, he can have that: The Court will direct the clerk to provide the defendant with a request for transcript form, which he can use to order a transcript to be prepared.[1]

IT IS ORDERED:

1. The defendant's motion for review of court records (filing 260) is denied.

2. The Clerk of the Court shall provide the defendant with a copy of this order and a request for transcript form.

Dated this 25th day of March, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[1] The Court notes that an indigent defendant bringing a postconviction proceeding under 28 U.S.C. § 2255 may have a transcript prepared at the government's expense, if the suit is not frivolous *and* the transcript is needed to decide the issue presented. 28 U.S.C. § 753. But before a § 2255 motion is filed, such a request is premature. *See Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995). If the defendant wants a transcript prepared, he will have to pay for it, as explained on the request for transcript form.

- 2 -