IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:07-CR-3001 |
| vs. | |
| | ORDER |
| TERRY L. BALDWIN, | |
| Defendant. | |

The defendant has filed a "Motion for Review of Conviction Under Machibroda v. United States" (filing 262). The Court will deny that motion.

The defendant isn't clear about the statute or rule pursuant to which he wants the Court to review his convictions at this point. But the authority the defendant invokes in the caption of his motion—*Machibroda v. United States,* 368 U.S. 487 (1962)—involved 28 U.S.C. § 2255. Moreover, the arguments he offers in support—that his plea was involuntary and he received ineffective assistance of counsel—are quintessential § 2255 claims, because they suggest his convictions are void or voidable. *See*, *e.g.*, *Hill v. Lockhart,* 474 U.S. 52, 56-57 (1985); *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997). And any motion filed in the court that imposed the sentence, and which is substantively within the scope of § 2255(a), "*is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004); *see also Castro v. United States,* 540 U.S. 375, 381-82 (2003).

But the defendant has filed a § 2255 motion before, in 2010. Filing 128. That motion was denied, a certificate of appealability was denied, and the Eighth Circuit dismissed the defendant's appeal. Filing 130; filing 136; filing 141. In 2013, the Eighth Circuit denied the defendant's petition for authorization to file a successive motion. Filing 157. Same in 2014. Filing 159. So, the defendant just filed another § 2255 motion anyway. Filing 162. The

Court denied that motion and denied a certificate of appealability. Filing 173. The defendant tried again with the Eighth Circuit, and was again denied. Filing 178. In 2016, the defendant filed a "motion for reconsideration" under Fed. R. Civ. P. 60(b)—which itself could readily have been construed as another § 2255 motion, *see Gonzalez v. Crosby*, 545 U.S. 524 (2005)—but the Court denied that motion. Filing 180; filing 181. The defendant sought leave to file successive motions in 2017 (twice) and 2018, and was denied. Filing 197; filing 200; filing 202. More Rule 60 motions followed and were denied. Filing 204; filing 206; filing 207; filing 208.

As a result, the defendant's "motion for review of conviction" is, in fact, a successive § 2255 motion—at least his third, and maybe his sixth. *See Gonzalez*, 545 U.S. at 531-32; *Williams v. Kelley*, 854 F.3d 1002, 1009 (8th Cir. 2017); *United States v. Lee*, 792 F.3d 1021, 1023-25 (8th Cir. 2015); *United States v. Lambros*, 404 F.3d 1034, 1036-37 (8th Cir. 2005). Such a motion requires authorization by the Court of Appeals. *See* § 2255(h); 28 U.S.C. § 2244(b)(3). The defendant has not obtained such authorization, so his motion will be denied. *See United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002); *United States v. Carranza*, 467 F. App'x 543 (8th Cir. 2012).

IT IS ORDERED that the defendant's motion for review (filing 262) is denied.

Dated this 13th day of May, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 2 -